HAZOURI, J.,
concurring specially.
The Florida Supreme Court’s decision in Harrison v. Escambia County School Board, 434 So.2d 316 (Fla.1983), compels me to concur with the majority. Harrison essentially eliminates a school board’s liability for any operational decision — no matter how unreasonable or careless — so long as a student has not boarded the school bus. This appears contrary to the school board’s statutory obligation.
As noted by the majority:
District school boards are required to provide transportation for public school students when such transportation is “necessary to provide adequate educational facilities and opportunities which otherwise would not be available and to transport students whose homes are more than a reasonable walking distance ... from the nearest appropriate school.” § 1006.21(3)(a), Fla. Stat. (2008). The school board must employ maximum regard for the safety of its students when routing buses, appointing bus drivers, and providing operating equipment. § 1006.22, Fla. Stat. (2008).
(emphasis added).
The routing of school buses certainly includes the location of stops. Where a school board chooses to designate a bus stop can have serious consequences for students who are walking to that stop, which is exactly what happened here. As alleged in the complaint, Haverhill Road is a busy roadway that exposes children to *446 serious harm when they have to cross it to get to a bus stop. At the time of her death, Kodijah was eleven years old. The bus stop originally designated for Kodijah did not require her to cross Haverhill Road. The school board, instead of taking measures to assure that other students did not harass Kodijah at her original bus stop, chose to direct her to cross a busy roadway to a different bus stop. This action on the part of the school board hardly constitutes employing maximum regard for the safety of its students when routing buses. Nonetheless, Harrison requires affirmance.